## Keystone Brewing Company, Appellant, *v.* Canavan.

*Appeals—Final judgment—Interlocutory order—Quashing appeal.*

An order in the following form, "judgment is directed non obstante veredicto in favor of the garnishee," is not a final judgment, and an appeal taken from it will be quashed.

Motion to quash appeal.

From the record it appeared that the order from which the appeal was taken was as follows :

"January 21, 1907, by opinion filed, judgment directed non obstante veredicto in favor of Thomas Forestal, the garnishee.

"G. L. HALSEY, Judge,

"J. D. 45."

The garnishee moved to quash the appeal, citing Com. ex rel. v. Mitchell, 80 Pa. 57, and Watkins v. Hughes, 206 Pa. 526.

PER CURIAM, April 16, 1907 :

Appeal quashed.

---

## Mason, Appellant *v.* Linn.

*Appeals—Equity—Brief statement of errors—Rule 92 of equity rules.*

An appeal from a decree in a suit in equity will be quashed, where the appellant has not filed in the court below with notice of appeal, a brief statement of the errors alleged.

Motion to quash appeal in case of Henry C. Mason et al. v. C. H. Linn et al., Supervisors of Hanover Township, and Thomas Wilson, doing business as Thomas Wilson & Co., and Bolton G. Coon & Co.

The motion was in the following form :

Now, April 15, 1907.  John M. Garman, attorney for Thomas Wilson, doing business as Thomas Wilson & Co., and Bolton G. Coon & Co., defendants in above-stated cause, moves to quash the appeal as to said defendants because the appellants did not file in the court below, with their notice of ap-

peal, a brief statement of the errors they allege to have been made by the order or decree appealed from or the findings in which it rests, as required by rule 92 of the equity rules.

PER CURIAM, April 15, 1907 :
Motion granted and appeal quashed.

---

## Dulles's Estate.

*Wills—Trusts and trustees—Charitable use—Discretion of executor.*

Testatrix directed her executors in default of written directions by her, to distribute a fund " among such religious charitable and benevolent purposes and objects or institutions as in their discretion shall be best and proper." *Held,* that a valid trust was created.

The use of the word "benevolent" in such a will in connection with the words "charitable and religious" does not render the trust so indefinite that it becomes inoperative with the result of an intestacy as to the residuary estate.

Indefiniteness is not a valid objection to a trust so long as there is a tribunal authorized to define it.

The owner of property may do as he pleases with it provided the disposition be not to unlawful purposes, and what he may do himself he may do by agent while living, or by executor after death.

Argued Jan. 18, 1907.    Appeal, No. 243, Jan. T., 1906, by the Real Estate Trust Company of Philadelphia et al., Executors of the will of Mary C. Dulles, deceased, from decree of O. C. Phila. Co., dismissing exceptions to adjudication in Estate of Mary C. Dulles, deceased.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.    Before ASHMAN, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*Joseph deF. Junkin* and *George H. Earle, Jr.,* for appellant. —A will must be construed so as to avoid a partial intestacy